

FILED
MAY - 6 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JAMES R. CASEY,

    Petitioner,

v.                                 CRIMINAL ACTION NO. 4:18-cr-4

UNITED STATES OF AMERICA,

    Respondent.

## *AMENDED MEMORANDUM OPINION AND ORDER*

Before the Court is James R. Casey's ("Petitioner") Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 29. For the following reasons, Petitioner's Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

From 1992 until his incarceration for the instant offense, Petitioner was the owner, operator, and president of Casey's Seafood, Inc. ECF No. 18 at ¶ 5.1. Between 2010 and June 17, 2015, Petitioner led a conspiracy wherein he directed the mislabeling of distressed foreign crabmeat as fresh blue crab that was a "Product of the USA" in order to undercut the market in favor of Casey's Seafood. *Id.* at ¶ 5. Petitioner was named in a one-count Criminal Information on January 12, 2018. ECF No. 2. On September 26, 2018, Petitioner waived his right to indictment by a grand jury and pleaded guilty to Count 1 of the Criminal Information, in violation of the Lacey Act, 18 U.S.C. § 371 and 16 U.S.C. §§ 3372(d) and 3373(d)(3)(A)(ii). ECF Nos. 4–7. On January 9, 2019, the Court sentenced Petitioner to a term of 45 months imprisonment. ECF No. 24, 25. Petitioner surrendered for service of his sentence on January 18, 2019. ECF No. 24. Accordingly, Petitioner has served approximately 15 months in prison before

consideration of any good-time credit.

On April 16, 2020, Petitioner filed his Emergency Motion for Compassionate Release. ECF No. 29. On April 22, 2020, Petitioner filed a motion to seal his medical records and an exhibit in support of his Emergency Motion for Compassionate Release. ECF Nos. 30, 31. On April 24, 2020, the Court sealed Petitioner's medical records. ECF Nos. 32, 34. The Government responded on April 30, 2020. ECF No. 33.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A petitioner may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* However, the exhaustion requirement may be waived under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) *citing Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019). The COVID-19 pandemic, which could result in catastrophic health consequences for petitioners vulnerable to infection, implicates all three exceptions justifying the waiver of the exhaustion requirement. *Miller v. United States*, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020); *Zukerman*, 2020 WL 1659880, at *3; *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020); *United States v. Gonzalez*, 2020 WL

1536155, at *2 (E.D. Wash. Mar. 31, 2020).

## B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" has been defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. The Sentencing Commission has provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission has also provided a "catch-all provision" that allows for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D); *see also United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"); *United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."). However, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in Application Note 1, in evaluating a petitioner's request for a sentence modification under the "catch-all provision."

## III. DISCUSSION

### A. The Exhaustion Issue

The Government objects to the waiver of the exhaustion requirement generally imposed by § 3582(c)(1)(A). *See* ECF No. 29 at 27 ("the United States objects to the defense argument that exhaustion requirements should be waived"); *See generally* ECF No. 33 (discussing the Government's view on the exhaustion requirement). The Court finds that the preservation of the exhaustion requirement is unwarranted by the circumstances presented in this case. *See generally United States v. Poulios*, Dkt. No. 2:09cr109, ECF No. 26 (E.D. Va. Apr. 21, 2020) (rejecting the same contentions on the nature of the exhaustion requirement and the BOP's role in evaluating meritorious compassionate release claims in the midst of the COVID-19 pandemic).

As stated previously, the exhaustion requirement may be waived due to futility, inadequate relief, or undue prejudice. *See supra* Part II.A; *see also Bowen v. City of New York*, 476 U.S. 467, 483 (1986) (holding that irreparable injury justifying the waiver of exhaustion requirements named in statute exists where "the ordeal of having to go through the administrative process may trigger a severe medical setback").[1] In this case, preservation of the exhaustion requirement could subject Petitioner to severe illness and death if he contracts COVID-19 because of his underlying health conditions. Petitioner is 76 years old and suffers from a well-documented history of severe cardiac issues. ECF No. 23 at ¶ 49–57. Therefore, Petitioner has shown that waiver of the exhaustion requirements is justified. *See Zukerman*, 2020 WL 1659880, at *4 ("[petitioner's] advanced age and compromised health, combined with the high risk of contracting COVID-19 [in federal prison] justify waiver of the exhaustion

---

[1] The Court joins other federal courts in declining to decide whether the exhaustion requirement in § 3582(c) is a jurisdictional requirement or merely a claim-processing rule, a decision that is not required in the context presented by this case. *See e.g. United States v. Zukerman*, 2020 WL 1659880, at *2 n. 1 (S.D.N.Y. Apr. 3, 2020) (declining to decide whether the exhaustion requirement is jurisdictional). The Fourth Circuit has not announced a holding on this issue.

4

requirement.").

Moreover, the Government's concession that Petitioner "has met his burden establishing extraordinary and compelling reasons for compassionate release," implicitly acknowledges the harm that could come to Petitioner if there is an outbreak of COVID-19 at FCI Petersburg Low. At the same time, the Government argues that Petitioner should either be forced to wait for the Bureau of Prisons to complete the same exercise that the Court will complete in this Order or wait 30 days for the same relief that the Court will provide today. *See* ECF No. 33 at 24; *see also United States v. Rodriguez*, 2020 WL 1627331, at *7 (E.D. Pa Apr. 1, 2020) ("BOP's 'compassionate release program had been poorly managed and implemented inconsistently, ... resulting in eligible inmates ... not being considered for release, and [] ill inmates dying before their requests were decided.'"). The Government's position on the exhaustion requirement is illogical, given the Bureau of Prisons' past administration of compassionate release, the administrative burden presented by the current crisis, and the consensus that this Petitioner should be granted relief. In sum, when the Court is able to resolve meritorious petitions for compassionate release in the midst of the COVID-19 pandemic pursuant to its authority under § 3582 prior to BOP action, the Court will do so without hesitation.

**B. Resolution of the Defendant's Request for Compassionate Release**

The Court finds that Petitioner has set forth extraordinary and compelling reasons to modify his sentence because of the great risk that COVID-19 poses to a person of his age with underlying health conditions. In the midst of the COVID-19 pandemic, federal courts around the country have found that compassionate release is justified under such circumstances. *Zukerman*, 2020 WL 1659880, at *4 *citing Perez*, 2020 WL 1546422, at *4; *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020); *Rodriguez*, 2020 WL 1627331, at *7; *United States v.*

*Jepsen*, 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *3; *United States v. Muniz*, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020); *Campagna*, 2020 WL 1489829, at *3. Like the petitioners in the aforementioned cases, Petitioner is 76 years old and suffers from serious health conditions that would render him virtually defenseless if he were to become infected with COVID-19. *See* ECF No. 23 at 2. Notably, Petitioner has a history of heart problems, the most serious of which was a massive heart attack he suffered in September 2017. *Id.* at ¶ 52. Petitioner has continued to struggle with cardiac issues since that heart attack and has been on an assortment of medications for several years that diminish his cardio-pulmonary capacity. *Id.* at ¶ 56–57; ECF No. 34 (confirming Petitioner's ongoing and serious cardiac issues since his prison sentence was imposed). Accordingly, Court is persuaded that the circumstances set forth by Petitioner constitute sufficient grounds for a sentence modification. *See Zukerman*, 2020 WL 1659880, at *6 *citing Rodriguez*, 2020 WL 1627331, at * 12 ("the Court did not intend for that sentence to include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic").

In reevaluating the § 3553(a) factors, the Court notes that Petitioner is now 76 years old and has a serious heart condition. While Petitioner's conduct and criminal history have not changed, he is under extreme threat from a virus that may be fatal if he contracts it. He is also unlikely to present any threat to the public based on his weakened condition and advancing age and the likelihood he will present a physical threat to anyone is nonexistent. Petitioner has reliable family support to return to upon his release from prison, along with a plan to treat his ongoing health issues. ECF No. 29 at 26. Petitioner's ongoing presence at FCI Petersburg Low also presents a degree of risk to everyone he might infect should he contract COVID-19, in addition to the extreme personal consequences that would likely occur if Petitioner were to

contract the virus. *See United States v. Stephens*, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020) (discussing the heightened risk presented by a COVID-19 outbreak in a jail or prison to the community at large). In sum, the Court finds that the risks that would be presented by Petitioner's continued incarceration outweigh the risks of releasing him to home confinement. *See United States v. Davis*, 2020 WL 1529158, at *5 (D. Md. Mar. 30, 2020) (discussing the "spillover effect" that an outbreak in a jail or prison could have on the greater community and concluding that the risk of such a spillover effect is greater than the public safety interest protected by continued incarceration in some cases).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **GRANTED**. Petitioner's sentence is reduced to TIME SERVED. Upon release Petitioner shall be on supervised release as previously ordered in his criminal judgment with a special condition of thirty (30) months of home confinement. The Bureau of Prisons is **DIRECTED** to place Petitioner in quarantine for fourteen (14) days prior to his release. Petitioner is **DIRECTED** to contact the United States Probation Office within seventy-two (72) hours of his release.

**IT IS SO ORDERED.**

Newport News, Virginia
May 6, 2020

/s/
Raymond A. Jackson
United States District Judge
UNITED STATES DISTRICT JUDGE